UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY RANDALL,

Plaintiff,

v.

PIERCE COUNTY JAIL, et al.,

Defendants.

No. C10-5565BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R) of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 17) and Plaintiff Jeffrey Randall's ("Randall") objections to the R&R (Dkt. 19). The Court has considered the R&R, Randall's objections, and the remaining record, and hereby adopts the R&R for the reasons stated herein.

On September 7, 2010, Randall filed a civil rights complaint against Defendants regarding an alleged assault by inmates at Pierce County Jail who are gang members and Defendants' handling of his medical care and other issues following the assault. Dkt. 1. On November 19, 2010, Defendants filed a motion to dismiss Randall's complaint for failure to exhaust his administrative remedies. On January 13, 2011, the magistrate judge issued an R&R recommending that Defendant's motion be granted and the case be dismissed due to Randall's failure to exhaust his administrative remedies. Dkt. 19.

On February 7, 2010, Randall filed his objections to the R&R; however, he has failed to make a *specific* objection. Dkt. 19. Rather, Randall objects to the R&R by requesting "the

magistrate judge to reconsider this suit," and stating that he has "exhausted these remedies." *Id*.

A general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). The court in *Howard* explained further, that when no specific objection is made,

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id*. (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)). Where no objections to the magistrate's judge's R&R have been filed, the district court may give the review it deems appropriate. *Webb v. Califano*, 468 F. Supp. 825 (E.D. Cal. 1979); 28 U.S.C. § 636(b)(1).

Here, Randall's objection to the entirety of the magistrate judge's R&R is that it should be reconsidered and that he did exhaust his administrative remedies. Without more, Randall's response to the R&R does not constitute a specific objection. *Howard*, 932 F.2d at 509.

Therefore, it is hereby **ORDERED** that:

(1) The R&R is **ADOPTED** (Dkt. 17); and

(2) Randall's complaint is **DISMISSED without prejudice** for failure to exhaust his administrative remedies.

DATED this 21st day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2